**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| CHERYL GLAZIER, RANDI WRIGHT, AMANDA CAPE, and KELLY ROBARE,<br><br>    Plaintiffs,<br>v.<br><br>TRUE NORTH ENERGY, LLC, TRUE NORTH MANAGEMENT, LLC, and SCHMUCKAL OIL COMPANY,<br><br>    Defendants.<br>_____/ | Case No. 20-cv-12540<br><br>Honorable Matthew F. Leitman |

NOAH S. HURWITZ (P74063)
Nachtlaw, PC
101 N. Main Street, Suite 555
Ann Arbor, Michigan 48104
Telephone: (734) 663-7550
Email: nhurwitz@nachtlaw.com
Attorney for Plaintiffs

COURTNEY L. NICHOLS (P75160)
Plunkett Cooney
38505 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48304
Telephone: (248) 594-6360
Telefax: (248) 901-4040
Email: cnichols@plunkettcooney.com
Attorney for Defendant, Schmuckal Oil Company

ERIK G. CHAPPELL (P51332)
JULIE A DOUGLAS (P71478)
Lyden, Chappell & Dewhirst, Ltd.
5565 Airport Highway, Suite 101
Toledo, Ohio 43615
Telephone: (419) 867-8900
Telefax: (419) 867-3647
Email: egc@lydenlaw.com
Email: jad@lydenlaw.com
Attorneys for Defendants, True North Energy, LLC and True North Management, LLC

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENTS, WITH BRIEF IN SUPPORT**

NOW COME Plaintiffs Cheryl Glazier, Randi Wright, Amanda Cape aka Amber Cape, and Kelly Robare and Opt-In Plaintiffs Heather Robotham, Jessica Miller, and Lori Miller-Tidey (collectively "Plaintiffs"), by and through their counsel, Noah S. Hurwitz of Nachtlaw, PC, Defendants True North Energy, LLC ("TNE") and True North Management, LLC ("TNM"), by and through their counsel, Erik G. Chappell, Esq. and Julie A. Douglas, Esq., of the law firm of Lyden, Chappell & Dewhirst, Ltd., and Defendant Schmuckal Oil Company ("Schmuckal"), by and through its counsel, Courtney L. Nichols, Esq., of the law firm of Plunkett Cooney, and respectfully submit this Joint Motion for Approval of FLSA Settlements.[1]

On August 12, 2021, the Plaintiffs, TNE and TNM filed a Joint Motion for *In Camera* Review and Approval of FLSA Settlement.  At a hearing on October 1, 2021, this Court denied the Joint Motion without prejudice to refiling.  Since the hearing, Plaintiffs have also settled their claims with Schmuckal.[2]  The Parties now submit their Joint Motion seeking approval of the settlements.  The Parties also seek an Order stating that each Confidential Settlement Agreement and General Release (collectively "Settlement Agreements") will be filed in the public record with the

---

[1] TNE, TNM, and Schmuckal are, at times, collectively referred to as "Defendants".
[2] Plaintiffs, TNE, TNM, and Schmuckal are, at times, collectively referred to as "Parties".

- 3 -

monetary amounts redacted.  This Joint Motion is more fully supported by the attached Brief in Support.

                                                Respectfully submitted,

                                                /s/ Julie A. Douglas
Julie A. Douglas (P71478)
Lyden, Chappell & Dewhirst, Ltd.
5565 Airport Highway, Suite 101
Toledo, Ohio 43615
Telephone: (419) 867-8900
Telefax:  (419) 867-3647
Email:  jad@lydenlaw.com
Attorney for Defendants True North Energy, LLC and True North Management, LLC

                                              /s Noah S. Hurwitz
Noah S. Hurwitz (P74063)
Nachtlaw, PC
101 N. Main Street, Suite 555
Ann Arbor, Michigan 48104
Telephone:  (734) 663-7550
Email:  nhurwitz@nachtlaw.com
Attorney for Plaintiffs

                                              /s/ Courtney L. Nichols
Courtney L. Nichols (P75160)
Plunkett Cooney
38505 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48304
Telephone:  (248) 594-6360
Telefax:  (248) 901-4040
Email:  nichols@plunkettcooney.com
Attorney for Defendant, Schmuckal Oil Company

## BRIEF IN SUPPORT

### I.    BACKGROUND

Plaintiffs filed this action alleging violations of the Fair Labor Standards Act, codified at 29 U.S.C. §201, et seq. ("FLSA"), in connection with their employment by Defendants TNM, Schmuckal, and alleged employment by TNE.  Defendants TNE and TNM denied Plaintiffs' allegations and affirmatively stated that Defendant TNE did not employ Plaintiffs and that Defendant TNM had fully complied with the FLSA in connection with Plaintiffs' employment by Defendant TNM.  Defendant Schmuckal also denied Plaintiffs' allegations and affirmatively stated that it had fully complied with the FLSA in connection with Plaintiffs' employment by Defendant Schmuckal.

The Parties have now reached a settlement of all claims and seek this Court's approval of the settlement of Plaintiffs' FLSA claims.

### II.    THE SETTLEMENTS ARE FAIR AND REASONABLE

Where the litigation arises from a private enforcement action under Section 216(b) of the FLSA, the standard for approval of a settlement is straightforward:  a district court should approve a settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties.  See *Lynn's Food Stores, Inc. v. U.S.,* 79 F.2d 1350, 1352-54 (11th Cir. 1982), citing *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697 (1945).  "The existence

of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligation under the FLSA." *Filby v. Windsor Mold USA, Inc.,* 2015 WL 1119732, at *2 (N.D. Ohio March 11, 2015), quoting *Schneider v. Goodyear Tire & Rubber Co.,* 2014 WL 2579637, at *2 (N.D. Ohio 2014).

This Court, therefore, should perform two inquiries before approving an FLSA settlement. First, the Court must be satisfied that the settlement was the product of "contested litigation." Second, the Court must be satisfied that the settlement involves a fair and reasonable resolution of a *bona fide* dispute between the Parties.

### A. The Proposed Settlement Is the Product of Contested Litigation.

Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in settlement, as the primary indicia of fairness. See *Lynn's Foods,* 679 F.2d 1350, 1354. In this case, Plaintiffs made detailed factual allegations in their Amended Complaint; had a full opportunity to analyze pertinent factual and legal issues; and with the assistance of counsel, were able to assess the strengths and weaknesses of the claims and defenses at issue and calculate their alleged damages. Only after substantial negotiation, conducted by the Parties' counsel, were the parties able to resolve these disputes. Accordingly, the Parties ask that the Court conclude that their settlement is the product of contested litigation.

### B.  The Proposed Settlement Is a Fair and Reasonable Resolution of a *Bona Fide* Dispute.

#### 1.  A *Bona Fide* Dispute Exists Between the Parties.

Plaintiffs' theory of liability alleges that Plaintiffs were non-exempt employees and that Defendants failed to pay them overtime compensation. Defendants asserted that Plaintiffs were exempt from overtime compensation under the FLSA, and that they never failed to pay any employee, including Plaintiffs, in violation of the law. If Plaintiffs' allegations were deemed correct in this case, then Defendants might be exposed to a monetary verdict in favor of Plaintiffs as well as the obligation to pay associated litigation fees and costs. Defendants denied Plaintiffs' allegations and provided evidence that Plaintiffs were exempt employees and, therefore not entitled to any overtime compensation. If Defendants were to prevail, then Plaintiffs face the real risk of no recovery of any kind. On the basis of the foregoing, the Court should confirm that a *bona fide* dispute exists between the Parties.

#### 2.  The Proposed Settlement Is Fair and Reasonable.

Through their respective counsel, the Parties engaged in frank and candid discussion, and through arm's length negotiations, arrived at a compromise that provides meaningful relief in view of the respective strengths and weaknesses and inherent risks each party might bear were the litigation to continue to a determination on the merits. Specifically, Plaintiffs TNE and TNM participated in a substantive

mediation before Mediator Kathryn L. Wollenburg of the Office of the Circuit Mediators for the United States Court of Appeals for the Sixth Circuit over the course of several days after which time Plaintiffs, TNE, and TNM agreed to allow the Mediator to propose a settlement between the parties. The Mediator proposed a settlement between Plaintiffs, TNE, and TNM that would resolve all claims in this case, as well as the appeal,[3] which the parties accepted.

After Plaintiffs settled their claims against TNE and TNM, Plaintiffs' counsel and Schmuckal Oil's counsel engaged in an arms-length negotiation regarding resolution of the remaining claims against Schmuckal Oil, only. The negotiation included the exchange of specific information regarding Plaintiffs and their employment history with Schmuckal Oil, including compensation, positions held, and time worked during the relevant statute of limitations period. After numerous back-and-forth discussions, including discussions regarding the legal merits of Plaintiffs' claims against Schmuckal in particular and the exposure should Plaintiffs' claims succeed, a settlement was reached. The settlement reached between Plaintiffs and Schmuckal Oil results in Plaintiffs receiving the same amount in non-wage damages from Schmuckal Oil as from the TNE and TNM Defendants jointly. Given the length of time the individuals were employed by Schmuckal Oil during the

---

[3] TNE and TNM timely filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit appealing this Court's denial of the Motion to Compel Arbitration and to Stay or Dismiss Proceedings in the Lawsuit.

relevant time period and alleged hours worked , this settlement is deemed to be fair and reasonable.

An "initial presumption of fairness" typically attaches when a proposed settlement is negotiated by and in the judgment of counsel and is presented for the court's approval. See *Rouse v. Comcast,* 2015 WL 1725721 at *6 (E.D. Pa., April 15, 2015) (noting there is an initial presumption of fairness when a settlement results from arm's length negotiations between experienced counsel). Here, the settlements proposed provide immediate value in relation to the claims asserted and eliminates the potential for summary dismissal, trial loss, or loss on appeal. Moreover, Plaintiffs and their Counsel support the settlements. Based on Counsel for Plaintiffs' knowledge, as well as his experience in wage and hour actions, Plaintiffs' counsel believes that the settlements are fair, reasonable and adequate.

### 3.     The Attorney Fees Agreed Upon Are Reasonable.

In addition, the attorney fees agreed upon are reasonable. The FLSA requires courts to award "a reasonable attorney's fee . . . and costs of the action." 29 U.S.C. § 216(b). Here, the requested attorney fees are even less than the typical contingency fee of one-third of the total settlement funds. Settlement in this matter comes after Plaintiffs' Counsel expended considerable time identifying Plaintiffs, researching the claims, understanding the employment relationship between Plaintiffs and Defendants, gathering factual allegations, drafting pleadings, and negotiating a

resolution with Defendants.  Plaintiffs' counsel first began representing Plaintiffs in August 2020, filed the original complaint on September 16, 2020, and amended the complaint on October 15, 2020 to add all Defendants.  Plaintiffs' Counsel then successfully defeated a motion to compel arbitration [Dkt No. 7] prior to the parties resolving the dispute.  Accordingly, Plaintiffs' attorney fees are a reasonable amount based on the total settlement amount and efforts of Plaintiff's Counsel to resolve Plaintiffs' claims after over 15 months of litigation.

### III. THE SETTLEMENT AGREEMENTS SHOULD BE FILED WITH PAYMENT AMOUNTS REDACTED

Although federal courts recognize a common-law right of access to judicial records, that "right is not absolute". *Littlejohn v. BIC Corporation*, 851 F.2d 673, 678 (3d Cir. 1998), citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); see, also, *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).  Thus, a district court has discretionary power to control records and files in its possession.  *Id.*  Information in the Settlement Agreements entered into between Plaintiffs and Defendants is highly confidential and the Settlement Agreements contain an express confidentiality provision.  Other than the four named Plaintiffs and the three opt-in Plaintiffs, no other persons are adversely affected or impacted by the dismissal of this lawsuit.

Additionally, this case was settled prior to conditional certification on an individual rather than collective basis.  In light of these facts, the individual rather

than the collective nature of the action warrants protecting the confidential nature of the terms of the agreements for which the parties bargained, and which is crucial to the settlement. See *Hummel v. Bimbo Bakeries USA, Inc.*, 14-CV-03683-JSC, 2015 WL 13738406, at *3 (N.D. Cal. Sept. 21, 2015) (recognizing that the "FLSA does not require that the settlement amount be made public, only that the settlement be approved by the judge.")

Accordingly, the Parties request that this Court allow it to redact the monetary terms in the agreements and file the redacted versions of these Settlement Agreements. "There is no general public interest in the precise settlement amount and the public can be assured that the settlement is fundamentally fair as it is subject to judicial scrutiny both as to substance and compensation." *Hummel*, 2015 WL 13738406, at *3. The monetary amount of a settlement is often a highly sensitive matter for both parties. "To prohibit parties as a matter of course from maintaining the confidentiality of this information in individual settlements just because an FLSA claim was pled will discourage settlements." *Id*., see, also, *Athan v. United States Steel Corp*., 17-cv-14220-TGB-DRG, at *20 (E.D. Mich., March 3, 2021) (allowing the parties to file FLSA settlement agreements with monetary amounts redacted); *King v. MS Companies, LLC*, 2:13-CV-02277-MHH, 2015 WL 3657649 (N.D. Ala., June 12, 2015) (allowing the FLSA settlement agreement to be filed with payment amounts redacted because the case involved only three employees and the

mangers involved in the alleged pay dispute were no longer with the company); *Glaster v. ELCO Landmark Residential Mgmt., LLC*, 2015 WL 1530637, at *1 (N.D. Ala., Apr. 6, 2015) (allowing the parties to file FLSA settlement agreements with dollar amounts redacted).

## IV. CONCLUSION

For the foregoing reasons, the Parties and their Counsel respectfully request the Court approve the Settlement Agreements that have been submitted to this Court and grant permission to file the Settlement Agreements in the public record with the monetary amounts redacted. Upon approval, the Parties will jointly move for dismissal of this action with prejudice by this Court.

Respectfully submitted,

/s/ Julie A. Douglas
Julie A. Douglas (P71478)
Lyden, Chappell & Dewhirst, Ltd.
5565 Airport Highway, Suite 101
Toledo, Ohio 43615
Telephone: (419) 867-8900
Telefax: (419) 867-3647
Email: jad@lydenlaw.com
Attorney for Defendants True North Energy, LLC and True North Management, LLC

          /s/ Noah S. Hurwitz
Noah S. Hurwitz (P74063)
Nachtlaw, PC
101 N. Main Street, Suite 555
Ann Arbor, Michigan 48104
Telephone: (734) 663-7550
Email: nhurwitz@nachtlaw.com
Attorney for Plaintiffs

          /s/ Courtney L. Nichols
COURTNEY L. NICHOLS (P75160)
Plunkett Cooney
38505 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48304
Telephone: (248) 594-6360
Telefax: (248) 901-4040
Email: cnichols@plunkettcooney.com
Attorney for Defendant, Schmuckal Oil Company

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing **Joint Motion for Approval of FLSA Settlements, with Brief in Support** has been electronically filed with the Clerk of Court using the ECF system on this 27th day of December, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

          /s/ Julie A. Douglas
Julie A. Douglas, Attorney for Defendants True North Energy, LLC and True North Management, LLC